# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**STANLEY CHAD BROOKS**
       **Plaintiff,**

  v.                                                          Case No. 19-C-0765

**CNH INDUSTRIAL AMERICA, LLC,**
       **Defendant.**

---

## DECISION AND ORDER

Today, I issued an opinion in the related case of *T&M Farms, et al. v. CNH Industrial America, LLC*, Case No. 19-C-85, in which I granted defendant CNH Industrial America LLC's motion to dismiss in part and denied the motion in part. CNH had filed a similar motion in the present case, which, like *T&M Farms*, is brought by a farmer who alleges that the CNH Module Express cotton pickers it bought are faulty. Although the allegations in the present case are slightly different than in *T&M Farms*, on balance the allegations are similar enough that my opinion in *T&M Farms* provides sufficient guidance to the parties regarding the disposition of the present motion to dismiss. Therefore, I will not write a full opinion in this case. Instead, I will briefly identify which of the claims in the present case are dismissed, which survive, and which the plaintiffs may replead. I also briefly explain that I have subject-matter jurisdiction.

**A.**     **Subject-Matter Jurisdiction**

The plaintiff is a natural person who is a citizen of Georgia. CNH is a limited liability company whose sole member is a corporation organized under the laws of Delaware that has its principal place of business in Wisconsin. The plaintiff alleges a

claim against CNH in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, diversity jurisdiction exists under 28 U.S.C. § 1332(a).

B.  **Choice of Law**

In *T&M Farms*, CNH conceded for purposes of the motion to dismiss that Wisconsin law applies. In the present case, CNH contends that Georgia law applies. But at this point, I do not see a material conflict between Wisconsin and Georgia law. CNH contends that Georgia law has a shorter statute of limitations, but, as discussed below, I cannot dismiss the complaint based on the statute of limitations. Thus, for now, I will assume that Wisconsin law applies. The parties are free to raise any choice of law issue they wish during future proceedings.

C.  **Statute of Limitations Defenses & Defenses Based on Manufacturer's Limited Warranty**

CNH argues that the plaintiff's claims are barred by the statute of limitations and by the written limited warranty CNH claims it made at the time each picker was sold. However, I cannot dismiss the complaint on either of these grounds. The statute of limitations is an affirmative defense that the plaintiff has no obligation to plead around. *See, e.g., Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Only when the plaintiff admits all the ingredients of an impenetrable defense may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6). *Id.* Here, the plaintiff has not admitted all the ingredients of a statute-of-limitations defense. He does not even plead the dates on which he purchased his pickers. CNH points to documents outside the pleadings purporting to show that the plaintiff purchased his pickers in 2013 or earlier. However, this brings me to my next point, which is that I may not consider documents outside the pleadings when deciding a motion under Rule 12(b)(6).

CNH refers to documents outside the pleadings to establish the dates on which the plaintiff purchased its pickers and to show that, at the time of sale, CNH made an express warranty to the plaintiff that disclaimed all implied warranties and limited his damages to a repair remedy. Under Rule 12(d), a court may not consider matters outside the pleadings on a motion under Rule 12(b)(6) without converting the motion to one for summary judgment. CNH does not ask me to convert the motion to one for summary judgment, and in any event, I would not do so without affording the plaintiff at least limited discovery on the facts relating to the documents at issue. CNH contends that I may consider the documents without converting the motion to one for summary judgment because the warranty qualifies for a limited exception to Rule 12(d) that applies when the documents are ones to which the complaint refers, are concededly authentic, and are central to the plaintiffs' claim. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). However, this exception cannot apply here because the documents are neither referred to in the complaint nor concededly authentic.

D.  **Breach of Implied Warranty of Merchantability**

CNH moves to dismiss the plaintiff's claim for breach of the implied warranty of merchantability based on the statute of limitations and the disclaimer CNH purportedly made in its limited manufacturer's warranty. However, as discussed, these defenses are based on documents outside the pleadings and therefore do not constitute grounds for dismissing the complaint under Rule 12(b)(6).

E.  **Breach of Implied Duty of Good Faith and Fair Dealing**

For the reasons explained in my *T&M Farms* decision regarding the implied duty of good faith and fair dealing, this claim is dismissed. However, the plaintiff has leave to

3

replead a claim if he believes he can allege facts showing that CNH purposefully caused the supply of replacement parts to dry up to discourage farmers from utilizing a repair warranty.

**F.     Wisconsin Deceptive Trade Practices Act**

For the reasons explained in my *T&M Farms* decision regarding the Wisconsin Deceptive Trade Practices Act, this claim is dismissed. However, I will grant the plaintiff leave to replead. In repleading, the plaintiff must identify the specific marketing statements he claims materially induced him to incur a pecuniary loss. This generally means that the plaintiff must identify which statements he read or heard before deciding to purchase each of the Module Express pickers at issue in this case.

**G.     Fraud and Negligent Misrepresentation**

For the reasons explained in my *T&M Farms* decision, these claims are dismissed as barred by the economic loss doctrine, and the plaintiff is not granted leave to replead.

**H.     Unjust Enrichment**

For the reasons explained in my *T&M Farms* decision with respect to unjust enrichment, this claim is not dismissed.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that the defendant's motion to dismiss the complaint is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that the following claims are dismissed: (1) the claims for breach of the implied duty of good faith and fair dealing; (2) the claims for violation of the Wisconsin Deceptive Trade Practices Act; and (3) the claims for common-law fraud and negligent

4

misrepresentation. In all other respects, the motion is denied. Further, the plaintiff is granted leave to replead his claims under the Deceptive Trade Practices Act and his claim for breach of the implied duty of good faith and fair dealing involving the failure to supply replacement parts. The plaintiff is not granted leave to replead his claims for common-law fraud and negligent misrepresentation.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2020.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge